UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLON LAGARDE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 2:17-cv-8098 |
| | ) |
| v. | ) Judge: |
| | ) |
| FIRSTSOURCE ADVANTAGE, LLC, | ) Magistrate: |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LLON LAGARDE ("Plaintiff"), through his attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, FIRSTSOURCE ADVANTAGE, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in New Orleans.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Amherst, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means

of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. On or around August 22, 2016, Defendant sent Plaintiff a collection letter.

20. This letter demanded payment of a debt that is no longer legally enforceable because the debt has prescribed.

21.  This letter offers settlement of the debt.

22. This letter states the settlement offer is valid for a limited time only.

23. This letter falsely implies the debt requires settlement, when the debt has prescribed and no payment is legally required.

24. This letter falsely implies Defendant is attempting to help Plaintiff.

25. Defendant is not able to help or assist Plaintiff.

26. This letter is deceptive and misleading as to the enforceability of the alleged debt.

27. This letter is deceptive and misleading because it offers settlement of the debt without explaining the pitfalls of a payment on the account.

28. This letter is deceptive and misleading because it implies failing to accept a

settlement offer will result in negative consequences.

29. This letter is false and misleading because it creates a false sense of urgency by stating there is an immediate need to determine Plaintiff's intent with regard to the debt.

30. This letter is false, deceptive, and misleading.

31. This letter threatens action that is neither legal nor intended.

32. On or around September 12, 2016, Defendant sent Plaintiff an additional collection letter with similar language.

33. Defendant's September 12, 2016 letter is unfair, false, deceptive, and misleading for the same reasons described above.

34. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

35. Defendant's collectors are familiar with the FDCPA.

36. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

38. The preceding paragraphs are incorporated as if fully stated herein.

39. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

40. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.

4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.

5. Any other relief that this Court deems appropriate.

DATED:  August 22, 2017           RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff